# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>        Petitioner,<br><br>   v.<br><br>MICHAEL B. MUKASEY, et al.,<br><br>        Respondents. | 1:08 CV 0885 OWW WMW HC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[Doc. 17] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is Petitioner's motion for a preliminary injunction and stay of state court proceedings, filed September 17, 2008.

    In his motion for preliminary injunction, Petitioner seeks a preliminary injunction and stay of state court proceedings in Kings County Superior Court in Case Number 07CM9015107M0043. Petitioner seeks an order enjoining a jury trial, claiming that he is factually innocent and has been subjected to entrapment and outrageous government conduct.

    The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune,

1

1  Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple
2  Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also
3  Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
4  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
5  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
6  demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a
7  significant showing of irreparability, the court need not reach the issue of likelihood of success
8  on the merits.  Id.

9        In seeking to enjoin proceedings in Kings County Superior Court, Plaintiff seeks
10 injunctive relief against individuals who are not named as defendants to this action.  The court is
11 unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith
12 Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

13       Further, under principles of comity and federalism, a federal court should not interfere
14 with ongoing state criminal proceedings by granting injunctive or declaratory relief except under
15 special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is
16 required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings
17 involve important state interests; and (3) the state proceedings afford adequate opportunity to
18 raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457
19 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).
20 The court finds that these factors are met in the present case.  Accordingly, the court is required
21 to abstain from interfering with the pending criminal proceedings in Kings County Superior
22 Court.

23       Based on the foregoing, Petitioner's motion for a preliminary injunction is HEREBY
24 DENIED.

25
26
27       IT IS SO ORDERED.
28 **Dated:   September 29, 2008**                    **/s/ Oliver W. Wanger**

UNITED STATES DISTRICT JUDGE