# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MICHAEL B. MUKASEY, et al.,<br><br>　　　　　　Respondents. | 1:08 CV 0885 OWW WMW HC<br><br>ORDER DENYING MOTION FOR<br>INJUNCTIVE RELIEF<br><br>[Doc. 15] |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the court is Petitioner's motion for injunctive relief  filed September 10, 2008.

　　　In his motion, Petitioner claims that Respondent Chris Jordan, Sheriff of Kings County and his agents "have continuously retaliated against Petitioner by knowingly and intentionally depriving him [of] legal copies and additional legal supplies to enable him [to] comply with mandated court orders, court rules."  Petitioner seeks an injunction directing Sheriff Chris Jordan and his agents and deputies to provide Petitioner with legal copies, additional legal supplies, 200 copies per week or as needed to comply with mandatory court orders and court rules.

　　　The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the

1

1  merits and the possibility of irreparable injury, or (2) the existence of serious questions going to
2  the merits and the balance of hardships tipping in [the moving party's] favor." <u>Oakland Tribune,</u>
3  <u>Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> <u>Apple</u>
4  <u>Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); <u>see</u> <u>also</u>
5  <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
6  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
7  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
8  demonstrate that there exists a significant threat of irreparable injury."  <u>Id</u>.  In the absence of a
9  significant showing of irreparability, the court need not reach the issue of likelihood of success
10 on the merits.  <u>Id</u>.

11         In this case, the court finds that Petitioner has not demonstrated the existence of a
12 significant threat of irreparable injury, as any lack of access to copies or legal materials can be
13 remedied on a specific, case by case basis.  Accordingly,  Petitioner's motion for a injunctive
14 relief  is HEREBY DENIED.

17         IT IS SO ORDERED.
18 **Dated:    October 6, 2008**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE