# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR, | ) 1:08 CV 0885 OWW WMW HC )  |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS RE ) MOTION TO DISMISS PETITION FOR WRIT ) OF HABEAS CORPUS ) |
| v. | ) [Doc. 18] ) |
| MICHAEL B. MUKASEY, et al., | ) ) |
| Respondents. | ) ) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

## LEGAL STANDARDS

    Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## DISCUSSION

    Respondent moves to dismiss this petition on the ground that the court lacks subject

1 | matter jurisdiction.  Petitioner opposes the motion.

2 |      Title 8 U.S.C. § 1252 allows only very limited judicial review of BICE orders and
3 | decisions.  See, 8 U.S.C. 1252 (stating which orders are reviewable and listing requirements to
4 | seek judicial review);  Reno v. American-Arab Anti-Discrimination Comm., 119 S.Ct. 936, 943
5 | (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of INS's "decision or action to
6 | commence proceedings, adjudicate cases, or execute removal orders"); Henderson v. INS, 157
7 | F.3d 106, 118-29 (2nd Cir.), *cert. denied sub nom,* Reno v. Navas, 119 S.Ct. 1141 (1999)
8 | (allowing judicial review of aggravated felon's deportation order only if substantial,
9 | constitutional rights are raised because of 8 U.S.C. § 1252(a)(2)(c));  Magana Pizano v. INS, 152
10 | F.3d 1213 (9th Cir.), *cert. granted, judgment vacated, and case remanded,* 119 S.Ct. 1137 (1999)
11 | (same); Gonçalves v. Reno, 144 F.3d 110, 121-22, 126 (1st Cir.), *cert. denied*, 119 S.Ct. 1140
12 | (1999) (same); Lerma de Garcia v. INS, 141 F.3d 215, 217 (5th Cir.1998); (finding some degree
13 | of judicial review under habeas corpus remains available, although not specifying scope of that
14 | review); Mansour v. INS, 123 F.3d 423, 426 (6th Cir.1997) (same);  Ramallo v. Reno, 114 F.3d
15 | 1210, 1214 (D.C. Cir.1997) (same);  Fernandez v. INS, 113 F.3d 1151, 1154 n.3 (10th Cir.1997)
16 | (same).

17 |     Because Petitioner is not subject to a final order of deportation or removal, there is no
18 | judicial review available to Petitioner at this time.  It is the BICE, and not this court, which must
19 | determine whether Petitioner is deportable or removable pursuant to 8 U.S.C. § 1252 and
20 | whether Petitioner is eligible for any relief from deportation or removal.  The BICE detainer or
21 | hold which has been placed on Petitioner does not mean Petitioner is in BICE custody for the
22 | purpose of habeas corpus relief. See, Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995);  Garcia v.
23 | Taylor, 40 F.3d 299, 303 9th Cir. 1994), *superseded by statute on other grounds*;  Prieto v.
24 | Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990).  The detainer or hold is only a notification that a
25 | deportation or removal decision will be made at a later date.  Garcia at 303-04;  Campillo v.
26 | Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).  Thus, the court finds that Petitioner has not
27 | presented grounds that would entitle him to habeas corpus relief.
28 |     Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)     that Respondent's motion to dismiss be GRANTED;

2)     that this petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction; and

3)     that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **October 27, 2008**            /s/ **William M. Wunderlich**
                                                 UNITED STATES MAGISTRATE JUDGE